[No. 2144.]

## Brown v. Belles.

**Mortgages—Foreclosure Sales—Postponement—Notice.**

Where a mortgage foreclosure sale was advertised for a certain day, and the property was not offered for sale on that day, but on the day following the sheriff proceeded to sell the property which was bid in by the mortgagee, and the certificate of sale stated that the sale was made on the day it was advertised to be sold, the sale was void, and a deed thereunder conveyed nothing, but the deed constituted a menace to mortgagee's right of redemption, and if he was unable to redeem he was entitled to have the property legally sold, and an action by him to set aside the sale and cancel the certificate and deed was erroneously dismissed.

*Error to the District Court of El Paso County.*

Mr. W. R. Gibson and Mr. Fred A. Sabin, for plaintiff in error.

Thomson, J.

On the 4th day of September, 1896, Horace M. Brown was the owner of certain premises in the town of Gillett, in El Paso county, on which he resided with his family. On that day he borrowed of A. C. Belles $150.00, and secured its repayment by a warranty deed of the premises to Belles, receiving back from the latter an instrument showing that the conveyance was to be void upon payment of the loan. On the 9th day of July, 1897, a decree of foreclosure of this mortgage was rendered by the district court of El Paso county. Afterwards, an order for the enforcement of the decree was issued to the sheriff, and the latter duly advertised a sale of the premises to take place on the 6th day of September, 1897, at the east front door of the court house, at Colorado Springs. The property was not offered for sale on that day; but, on the day following—September 7— the sheriff proceeded to the place named, where he

34

assumed to sell the premises to Belles at a sum, as Brown claims, far below its real value. In the certificate of sale issued by the sheriff, it is stated that the property was offered and sold on the 6th day of September—the day named in the notice. On the 8th day of March, 1898, the time for redemption not having yet elapsed, Brown brought this suit to cancel the certificate of sale, and remove the cloud which it cast upon his title. Before the trial, the day of redemption passed, and the sheriff executed and delivered a deed of the premises to Belles in pursuance of the proceedings as they were recited in the certificate of sale, which deed was immediately recorded. The court, after hearing the evidence, dismissed the case, and the plaintiff appealed.

The facts as we have stated them appear conclusively from the briefs and exhibits before us. The sale was an absolute nullity, and the deed conveyed nothing. But inasmuch as upon the face of the record the proceedings were regular, they constitute a serious menace to the plaintiff's equity of redemption. If the plaintiff was unable to pay the judgment, he was entitled to have the property sold at the time and place fixed by the notice, so that persons desiring to purchase might be present. Without further notice, to sell on a day different from that advertised, and when, consequently, bidders could not be expected, was a fraud upon the plaintiff.

The judgment will be reversed, and the district court instructed to enter a judgment setting aside the sale and cancelling the certificate and deed.

*Reversed.*